107 F.3d 14
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
CAMINO CARS, INC., doing business as American Camper, and RV
World, Inc., doing business as Selma RV World,
Plaintiffs-Appellants,
v.
Anne BERSINGER, in her official capacity as the Acting
Director of the California Department of Motor
Vehicles, and the California Department
of Motor Vehicles, Defendants-Appellees.
 Nos. 96-16454, 96-17011.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 21, 1997.*
Decided Jan. 29, 1997.
 
 Before: O'SCANNLAIN, LEAVY and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 These consolidated appeals from orders vacating a preliminary injunction come to us for review under Ninth Circuit Rule 3-3. Appellants contend the district court erred by vacating its order preliminarily enjoining the enforcement of California Vehicle Code § 11713.15, which regulates traveling recreational vehicle shows, because the statute violates the Commerce Clause and constitutes an unlawful delegation of legislative authority in violation of the Due Process Clause of the United States Constitution. We have jurisdiction under 28 U.S.C. § 1292(a)(1), and we affirm.
 
 
 3
 "The grant or denial of a preliminary injunction will be reversed only where the district court abused its discretion or based its decision on an erroneous legal standard or on clearly erroneous findings of fact." Does 1-5 v. Chandler, 83 F.3d 1150, 1152 (9th Cir.1996).
 
 
 4
 The district court did not rely on an erroneous legal premise or abuse its discretion in concluding that appellants failed to demonstrate a likelihood of success on the merits or to raise serious questions concerning the constitutionality of California Vehicle Code § 11713.15. See Rice v. Norman Williams Co., 485 U.S. 654 (1982); New Motor Vehicle Board of Cal. v. Orrin W. Fox Co., 439 U.S. 96, 106-109 (1978); Barber v. State of Hawaii, 42 F.3d 1185 (9th Cir.1994). The district court also did not err by concluding that appellants failed to show they will be exposed to a significant threat of irreparable harm if the challenged statute is not enjoined pending trial. See Associated General Contractors of Cal. v. Coalition for Economic Equity, 950 F.2d 1401, 1410 (9th Cir.1991), cert. denied, 503 U.S. 985 (1992). Additionally, the district court did not err by concluding that the balance of hardships does not weigh in plaintiffs' favor. See id. at 1411. Accordingly, the orders vacating the preliminary injunction are
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously agrees that this case is appropriate for submission without oral argument pursuant to Fed.R.App.P. 34(a) and Ninth Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3